UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL MYERS,

                              Plaintiff,                9:20-CV-1214
                                                               (BKS/DJS)
    v.

TEVIN HILL,

                              Defendant.
_____

APPEARANCES:

MICHAEL MYERS
13462261604
Plaintiff, pro se
Central New York Psychiatric Center
P.O. Box 300
Marcy, NY 13403

HON. LETITIA A. JAMES                    BRENDA T. BADDAM, ESQ.
New York State Attorney General        Assistant Attorney General
Attorney for Defendant Hill
The Capitol
Albany, NY 12224

BRENDA K. SANNES
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

       On or about October 5, 2020, pro se plaintiff Michael Myers ("plaintiff"), an individual civilly committed to the Central New York Psychiatric Center ("CNYPC"), commenced this action with the filing of a complaint, accompanied by an application to proceed in the action in forma pauperis ("IFP"). Dkt. Nos. 1-2. On November 24, 2020, the Court issued a

Decision and Order granting plaintiff's IFP application and accepting plaintiff's complaint only to the extent that it asserted Fourteenth Amendment excessive force and state law assault claims against defendant Tevin Hill, who is employed at CNYPC. Dkt. No. 3 ("November Order") at 6, 13. The remaining causes of action asserted in plaintiff's complaint were dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 ("Section 1915"). *Id.* at 14.

On December 28, 2020, the Court received plaintiff's amended complaint, which is accepted for filing. Dkt. No. 5 ("Am. Compl."). The Clerk has now forwarded plaintiff's amended complaint to the Court for review.

## II. PLAINTIFF'S AMENDED COMPLAINT

### A. Governing Legal Standard

The legal standard governing the review of a pro se plaintiff's complaint pursuant to Section 1915 was discussed at length in the November Order and will not be restated in this Decision and Order. November Order at 2-3.

### B. Summary of the Amended Complaint

The allegations set forth in plaintiff's amended complaint are generally the same as those included in his original complaint. At all times relevant to this action, plaintiff was confined in CNYPC. The amended complaint names the following individuals as defendants: (1) CNYPC Treatment Assistant ("TA")-1 Tevin Hill,[1] (2) TA-1 Morgan, (3) TA-2 Supervisor Wilson, (4) TA-2 Supervisor Amy Bennidict, (5) Mental Hygiene Legal Services ("MHLS")

---

[1] Although the original and amended complaints list this defendant's first name as "Travis," the record now reflects that his correct first name is "Tevin." *See* Dkt. Nos. 9-10.

2

Attorney Megan Dorr, (6) MHLS Attorney Lawrence Sheets, and (7) CNYPC Director of Risk Management Alyssa Mosnal. *Id.* at 2-4. The following facts are as alleged in the amended complaint.

On September 24, 2020, at approximately 5:30 p.m., plaintiff observed defendants Morgan and Hill were not wearing face masks to reduce the transmission of COVID-19. Am. Compl. at 4. Plaintiff asked defendant Wilson, who supervises defendants Morgan and Hill, why she was not directing Morgan and Hill to wear their masks. *Id.* Defendant Wilson responded by telling plaintiff she did not have the authority "to force them to wear a mask" but that she would speak to them again about doing so. *Id.*

Later in the day on September 24, 2020, defendant Hill yelled at plaintiff for complaining to defendant Wilson. *Id.* at 4. Plaintiff asked both defendants Hill and Morgan to speak to a supervisor, and both refused. *Id.* at 5. When plaintiff then told defendant Morgan that he was "having a mental distress and need[ed] to see a doctor as soon as possible," defendant Morgan refused to summon help. *Id.* Plaintiff was asked to return to his room and wait for a supervisor. *Id.* Although defendant Bennidict, a supervisor, arrived on plaintiff's unit, she did not speak to plaintiff while she was there. *Id.* Defendant Morgan told plaintiff that defendant Bennidict "instructed [defendants] Morgan and . . . Hill to write [plaintiff] up for complaining [and] . . . grandstanding." *Id.* at 5-6. Defendant Hill then "took [plaintiff] into the dayroom and slapped [plaintiff] on [the] right side of [his] face." *Id.* at 6.

Plaintiff reported defendant Hill's assault to defendant Wilson, who did not take any action. Am. Compl. at 6. Plaintiff also reported the assault to defendant Mosnal, the Director of Risk Management. *Id.* at 7. Defendant Mosnal told plaintiff that Risk Management would

3

not investigate the incident. *Id.* Plaintiff also reported the assault to defendants Dorr and Sheets, attorneys for MHLS. *Id.* at 6. Both defendants Dorr and Sheets refused plaintiff's requests for assistance. *Id.* at 8. Defendant Dorr also has ignored plaintiff's requests for assistance with his Article 10 petition.[2] *Id.* at 9. Plaintiff alleges that CNYPC "will not create a law library [or] train anyone in the law because that[ i]s . . . assigned to attorneys at [MHLS]." *Id.*

The Court has liberally construed plaintiff's amended complaint to assert the following causes of action: (1) Fourteenth Amendment excessive force against defendant Hill; (2) Fourteenth Amendment failure to protect against defendants Wilson, Bennidict, Mosnal, Dorr, and Sheets; (3) First Amendment access to courts against defendants Dorr and Sheets; and (4) denial of legal assistance and/or legal malpractice against defendants Dorr and Sheets.[3] Am. Compl. at 10. For a complete statement of plaintiff's claims, reference is made to the amended complaint.

**C.   Analysis**

---

[2] The New York Sex Offender Management and Treatment Act ("SOMTA"), which is codified in Article 10 of the New York Mental Hygiene Law ("MHL"), authorizes and governs the civil management of certain sex offenders after they complete their terms of imprisonment. *Mental Hygiene Legal Serv. v. Cuomo*, 785 F. Supp. 2d 205, 210 (S.D.N.Y. 2011), *vacated on other grounds by Mental Hygiene Legal Servs. v. Schneiderman*, 472 F. App'x 45 (2d Cir. 2012). Section 47.03 of the MHL charges MHLS to perform certain duties, including "provide legal services and assistance . . . related to the admission, retention, and care and treatment" of those individuals detained in state custody under Article 10 beyond the completion of their term of imprisonment. MHL § 47.03(c). The Court has liberally construed plaintiff's amended complaint to allege that defendant Dorr has not fulfilled her obligations under Section 47.03 by, among other things, ignoring plaintiff's requests for assistance with his Article 10 petition.

[3] Although plaintiff's amended complaint cites the Eighth Amendment in support of some of his claims, as a civilly confined resident at CNYPC, the Eighth Amendment, which prohibits the "cruel and unusual punishment of those convicted of crimes, is . . . not applicable under the circumstances." *Lane v. Carpinello*, No. 07-CV-0751, 2009 WL 3074344, at *18 (N.D.N.Y. Sept. 29, 2009) (citing *Youngberg v. Romeo,* 457 U.S. 307, 312 (1982)). Instead, plaintiff's claims purportedly predicated on the Eighth Amendment are analyzed under the Due Process Clause of the Fourteenth Amendment. *See Lane*, 2009 WL 3074344, at *18 (citing *Dove v. City of New York*, No. 03-CV-5052, 2007 WL 805786, at *7 (S.D.N.Y. Mar. 15, 2007)).

In part, plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), which, as explained in the October Order, establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights[ but] provides . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

### 1. Excessive Force

Mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court will require a response to plaintiff's Fourteenth Amendment excessive force and state law assault claims asserted against defendant Hill. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### 2. Failure to Protect

As noted in the November Order, "[c]ourts in the Second Circuit have acknowledged that it is unclear whether a failure to protect claim set forth by a civilly-committed individual should be analyzed under a 'substantial departure standard,' a general substantive due process standard or under the standard of deliberate indifference." *G.B. v. DiPace*, No. 14-CV-0500, 2019 WL 1385840, at *3 (N.D.N.Y. Mar. 27, 2019). As in the November Order, the Court need not decide at this juncture what standard to apply because, under any of the standards, plaintiff's amended complaint fails to state a cognizable claim.

While the amended complaint clearly asserts a failure to protect claim against

5

defendants Wilson, Bennidict, Mosnal, Dorr, and Sheets, *see* Am. Compl. at 10, the pleading does not contain any allegations supporting the claim. Like plaintiff's original complaint, the amended complaint does not clearly describe the facts giving rise to the claim. With respect to any purported suggestion that defendants Wilson, Bennidict, Mosnal, Dorr, and Sheets should have protected plaintiff from defendant Hill's assault on September 24, 2020, there are no allegations in the amended complaint plausibly alleging that any of the defendants (1) deviated from accepted professional judgment by way of ignoring signs or warnings that defendant Hill may assault plaintiff; (2) acted in a manner that would infer an intention to injure plaintiff; or (3) acted with deliberate indifference to any knowledge or information that plaintiff was at imminent risk of serious harm from defendant Hill. The amended complaint simply fails to allege that there was any reason to know that defendant Hill would assault plaintiff on September 24, 2020, and that defendants Wilson, Bennidict, Mosnal, Dorr, and Sheets ignored that information. *See Parris v. N.Y.S. Dep't of Corr. Servs.*, 947 F. Supp. 2d 354, 363 (S.D.N.Y. May 23, 2013) (dismissing a failure to protect claim based on allegations that the plaintiff was the victim of a surprise attack by another inmate).

To the extent that plaintiff seeks to assert claims against defendants Wilson, Bennidict, Mosnal, Dorr, and Sheets based on allegations that those individuals did not take any action after the assault occurred upon learning about it from plaintiff, those claims are similarly not cognizable. Plaintiff does not allege that he remained at risk of further harm from defendant Hill after the assault on September 24, 2020. Even assuming an ongoing risk existed, however, plaintiff also does not allege that he made defendants Wilson, Bennidict, Mosnal, Dorr, and Sheets aware of an actual (rather than hypothetical) ongoing

6

risk of harm. Without more, the amended complaint alleges only that defendants Wilson, Bennidict, Mosnal, Dorr, and Sheets somehow violated plaintiff's constitutional rights by failing to act on information that his rights had been violated in the past by defendant Hill. These allegations do not give rise to a cognizable constitutional claim. *See Harnett v. Barr*, 538 F. Supp. 2d 511, 524 (N.D.N.Y. 2008) ("If [an] official is confronted with a [constitutional] violation that has already occurred and is not ongoing, then the official will not be found personally responsible for failing to remedy a violation." (internal quotation marks omitted)).

For the foregoing reasons, plaintiff's failure to protect claims asserted against defendants Wilson, Bennidict, Mosnal, Dorr, and Sheets are dismissed for failure to state a claim upon which relief may be granted pursuant to Section 1915(e)(2)(B)(ii).

### 3. Access to Courts

The legal standard governing First Amendment denial of court access claims was set forth in the November Order and will not be restated in this Decision and Order. November Order at 10-11.

Like plaintiff's original complaint, the facts giving rise to a court access claim are not clearly alleged in the amended complaint. To the extent the claim is based on allegations that defendants Dorr and Sheets ignored plaintiff's reports that defendant Hill had assaulted him, there are no allegations that the failure to provide assistance hindered plaintiff's legal efforts to pursue this (or any other) lawsuit. Because plaintiff's amended complaint fails to plausibly allege that he suffered an actual injury for purposes of a First Amendment court access claim, the claim is dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii).

To the extent that plaintiff's court access claim arises from allegations that there is no dedicated law library or access to legal assistance in the CNYPC, that claim is also subject to dismissal because the amended complaint fails to allege that plaintiff has suffered any prejudice in connection with a non-frivolous legal claim as a result of the absence of a law library at CNYPC.

In addition, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). As the Supreme Court has noted, a defendant may only be held accountable for his actions under Section 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009) ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic."). In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Here, the amended complaint fails to allege that any of the named defendants are responsible for the absence of a law library at CNYPC. Am. Compl. at 9. Liberally construed, the amended complaint alleges only that the CNYPC has no law library because MHLS attorneys are charged with providing legal assistance to residents, but the amended complaint does not otherwise allege that any one person in particular, including any of the defendants, is responsible for denying CNYPC residents access to a law library. *Id.*

While the personal involvement of a defendant is a prerequisite to an award of

8

damages under Section 1983, that rule is limited to cases in which damages are sought. *Bodie v. Morgenthau*, 342 F. Supp. 2d 193, 203 (S.D.N.Y. 2004).  The lack of personal involvement is not a bar to an action seeking prospective injunctive or declaratory relief. *Bodie*, 342 F. Supp. 2d at 203; *Marshall v. Switzer*, 900 F. Supp. 604, 615 (N.D.N.Y. 1995). In this case, plaintiff seeks both damages and injunctive relief.  Am. Compl. at 11.  In particular, the amended complaint seeks, among other things, an injunction directing MHLS to provide legal assistance to CNYPC residents.  *Id.* at 11.  There are no allegations, however, that defendants Hill, Morgan, Wilson, Bennidict, and Mosnal have the authority to direct MHLS to provide plaintiff with legal assistance.  *Id.*  Because an injunction may issue only "in circumstances where the state official has the authority to perform the required act," *Schallop v. N.Y.S. Dep't of Law*, 20 F. Supp. 2d 384, 391 (N.D.N.Y. 1998), plaintiff's court access claims seeking injunctive relief against defendants Hill, Morgan, Wilson, Bennidict, and Mosnal also fail.

As for plaintiff's court access claims seeking injunctive relief against defendants Dorr and Sheets, as noted above in part II.B. of this Decision and Order, Section 47.03 of the MHL directs MHLS to provide plaintiff with legal representation.  Any injunction directing defendants Dorr and Sheets to comply with state law therefore amounts to an "obey the law" injunction that is not favored in this Circuit.  *See, e.g., S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir. 2001).  For that reason, plaintiff's claims seeking injunctive relief against defendants Dorr and Sheets are dismissed, as well.

### 4. Malpractice/Failure to Provide Legal Assistance

Liberally construed, the amended complaint appears to assert causes of action

9

against defendants Dorr and Sheets for failing to provide him with legal assistance concerning the alleged assault by defendant Hill on September 24, 2020. Am. Compl. at 7-9 In particular, plaintiff alleges that, in their capacities as his lawyers related to his Article 10 petition, they are under an obligation to assist him in "object[ing] to care and treatment and to investigate any abuses and assaults by staffs." *Id.* at 7. In addition, as relief, plaintiff seeks, among other things, a finding that defendant Dorr has committed legal malpractice. *Id.* at 11. Plaintiff's claims against defendants Dorr and Sheets are dismissed for the following two reasons.

First, as explained in the November Order, to the extent that plaintiff asserts a cause of action against defendants Dorr and Sheets pursuant to Section 1983, that claim fails because the amended complaint fails to allege that those individuals are state actors. *See, e.g., Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) ("In order to maintain a section 1983 action, two essential elements must be present: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."). Court-appointed attorneys do not act under color of state law merely by virtue of their appointment. *See, e.g., Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a county public defender does not act under color of state law when performing traditional advocacy functions in a criminal proceeding). Courts in this Circuit have routinely concluded that MHLS attorneys are not state actors. *See Fisk v. Letterman*, 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005) ("Courts have clearly and consistently held that court-appointed attorneys do not act under color of state law by virtue of their

appointment. This is true even if the attorney is employed by the [MHLS.]" (internal citations omitted)); *see also Scott v. Djeck*, No. 09-CV-1122, 2010 WL 145297, at *4 (N.D.N.Y. Jan. 11, 2010) ("An attorney employed by M.H.L.S. is not a state actor for purposes of § 1983."). While it is true that, court-appointed attorneys may be characterized as state actors under certain circumstances,[4] none of those circumstances are alleged in the amended complaint.

Second, regardless of whether the claims asserted against defendants Dorr and Sheets arise under Section 1983 or state law, they are barred by the Eleventh Amendment, which has long been construed as precluding a citizen from bringing a suit against his own state in federal court, under the fundamental principle of "sovereign immunity." *See* U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009). State immunity extends not only to the states, but also to state agencies. *See, e.g., McGinty v. N.Y.*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'"). Because MHLS is a New York State agency, it is afforded protection under the Eleventh Amendment. *See Shrader v. Granninger*, 870 F.2d 874, 876 (2d Cir. 1989) ("[MHLS] is an agency within the judicial branch of New York State government[.]");

---

[4] For example, court-appointed attorneys that are found to have "conspire[d] with a state official to violate the plaintiff's constitutional rights" is considered a state actor under Section 1983. *Fisk*, 401 F. Supp. 2d at 378. In addition, the Supreme Court has opined that court appointed attorneys may "act under color of law while performing certain administrative and possibly investigative functions." *Polk Cnty.*, 454 U.S. at 325.

11

*Sasscer v. Barrios-Paoli*, No. 05-CV-2196, 2008 WL 5215466, at *4 (E.D.N.Y. Dec. 8, 2008) ("Because MHLS is a state-funded legal services agency under the direction of the New York State Office of Court administration, MHLS enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." (internal quotation marks and citations omitted)).  Immunity also extends to state officers, like defendants Dorr and Sheets, sued for "any remedy for past violations of federal law, including declaratory judgment[.]" *Chinn v. City Univ. of New York Sch. of Law at Queens Coll.*, 963 F. Supp. 218, 224-25 (E.D.N.Y. 1997) (citing *Green v. Mansour*, 474 U.S. 64, 72-73 (1985)).  To the extent plaintiff's amended complaint asserts state law claims against defendants Dorr and Sheets, the "Eleventh Amendment . . . is a bar addressed to federal courts, not federal causes of action," and, for that reason, plaintiff's state law claims are similarly barred in federal court. *Miles v. Baruch Coll.*, No. 07-CV-1214, 2008 WL 222299, at *3 (E.D.N.Y. Jan. 25, 2008) (citing *Pennhurst State Sch. & Hosp. v. Haldermann*, 465 U.S. 89, 120 (1984) ("The Eleventh Amendment should not be construed to apply with less force to [pendent] jurisdiction than it does to the explicitly granted power to hear federal claims.")).

For the foregoing reasons, plaintiff's legal assistance claims asserted against defendants Dorr and Sheets are dismissed pursuant to Section 1915(e)(2)(B).

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's amended complaint (Dkt. No. 5) is **ACCEPTED for filing** only to the extent that it asserts a Fourteenth Amendment excessive force and a state law assault claim against defendant Hill; and it is further

**ORDERED** that, except as to the foregoing, the remaining claims asserted in plaintiff's amended complaint are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that a response to the amended complaint shall be filed by defendant Hill, or his counsel, on or before February 17, 2021; and it is further

**ORDERED** the Clerk shall serve a copy of this Decision and Order on the parties, as well as serve copies of any unreported decision cited to in this Decision and Order on the plaintiff.

**IT IS SO ORDERED.**

Dated: February 3, 2021

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge